Estate of Reinhold H. Forstmann, by Fidelity Union Trust Company and Albert F. Howard, Surviving Executors v. Commissioner.
Estate of Reinhold H. Forstmann v. Commissioner
Docket Nos. 7103 and 9565.
United States Tax Court
1947 Tax Ct. Memo LEXIS 311; 6 T.C.M. (CCH) 136; T.C.M. (RIA) 47035; February 14, 1947
*311 George W. C. McCarter, Esq., 13 Commerce St., Newark 2, N.J., for the petitioners. Francis X. Gallagher, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion Docket No. 7103 The Commissioner determined a deficiency in estate tax in the amount of $273,060.85. The Commissioner included in the gross estate transfers effected by the decedent pursuant to a trust agreement executed by him as grantor on February 23, 1939, including the interest therein of his then wife. The only issue for decision in the estate tax proceeding is whether the action of the Commissioner in including the interest of the wife was erroneous. Docket No. 9565 The Commissioner also determined a deficiency of $22,745.09 in gift tax for the year 1939. The Commissioner held in that case "that Reinhold H. Forstmann, (now deceased), by a trust agreement dated February 23, 1939, made a taxable gift of property valued at $262,633.91." The respondent filed an amended answer in that case, in which he claims that he erred in failing to include in taxable net gifts for the calendar year 1939 an additional $50,000 which was given to Forstmann's wife simultaneously with the execution *312 of the agreement of February 23, 1939. The only issue in that proceeding is whether the two transfers represent taxable gifts. Findings of Fact The estate tax return and the gift tax return for 1939 were filed with the collector of internal revenue for the fifth district of New Jersey. Reinhold H. Forstmann was living separate and apart from his wife, Kathryn, in 1939. They entered into an agreement on February 23, 1939 to settle their property rights and to provide for the maintenance and support of the wife. A divorce was obtained on May 27, 1939. It was provided in the divorce decree that the property settlement was approved and confirmed and was in full discharge of all claims of every nature of the plaintiff, the wife, against the defendant. Forstmann, pursuant to the agreement, transferred certain property in trust. Income of the trust was payable to Kathryn for life unless she remarried in which case the amount payable to her was less. The decedent remarried in August 1940 and died in November 1940. Kathryn, the first wife of the decedent, remarried on February 19, 1943 and was still alive at the date of the hearing in this case, April 23, 1946. The stipulation *313 of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioner's wife, Kathryn, was to receive certain payments during her life under the agreement and deed of trust. The only question argued in the estate case is whether some proper amount representing the value of the estate thus given to Kathryn should be included or excluded in computing the decedent's gross estate. The taxability of the rest of the trust is not contested. A somewhat similar question was involved in the , under facts which are not distinguishable in principle from those here present. The respondent filed a brief in which he attacked the soundness and application of the Maresi case, but later notified the Court that he had acquiesced in that decision which was later affirmed , and he, therefore, withdrew any and all statements, arguments, or contentions set forth in his briefs which were at variance with the ruling and decisions of the Tax Court. The use of a table for computing the value of future payments dependent upon remarriage was there approved and is also approved here. The facts in the gift *314 tax case present a situation not distinguishable in principle from the facts in the case of . See also ; ; . The Commissioner in his brief conceded that the decisions in those cases were against him, but argued that they were incorrectly decided. Later he advised the Court that he had acquiesced in the Mitchell decision and that he withdrew any and all statements, arguments, or contentions which were at variance with that decision. The determination of the Commissioner of the gift tax is reversed upon the authority of those cases. Decision will be entered under Rule 50 at Docket No. 7103, and decision will be entered for the petitioner at Docket No. 9565.